**CALLIHAN INTERESTS, INC., Appellant,**

v.

**Natalie K. HALEPESKA et al., Appellees.**

**No. 3616.**

Court of Civil Appeals of Texas.

Eastland.

March 13, 1964.

Rehearing Denied April 3, 1964.

McMahon, Smart, Sprain, Wilson & Camp, J. M. Lee, Abilene, for appellant.

Childers & Garrett, Abilene, Hill, Brown, Kronzer & Abraham, Houston, for appellees.

COLLINGS, Justice.

This action was brought by Natalie Halepeska and her children seeking to recover for the wrongful death of their husband and father, who was killed in the "blowing" of a gas well on a lease belonging to appellant Callihan Interests, Inc. Based upon a verdict judgment was rendered for the widow and the four minor children.

Upon an appeal of the case this court, heretofore, on September 8, 1961, reversed the judgment and rendered judgment for appellant, holding that where the decedent, an independent geologist, a vice-president of the owner of the lease and whose duties often required his presence during the drill-

ing and completion of oil and gas wells should have known that the flow line which was in plain sight was not sufficiently staked, should have appreciated the danger in opening the valves to blow the wells and voluntarily exposed himself to the danger and was killed while the well was being blown, the owner was not liable regardless of whether the decedent or an accompanying employee of the owner opened the valve. This opinion is reported in 349 S.W. 2d 758.

The judgment of this court was reversed by the Supreme Court of Texas in an opinion reported in 371 S.W.2d 368. It was held by the Supreme Court that the questions of whether the deceased Halepeska should have known of the manner in which the well was equipped and should have realized the danger involved had no bearing on whether recovery was barred under the "no duty" or "volenti" doctrines, and that the jury findings for the defendant on such questions could not support a judgment for the defendant based on contributory negligence in the absence of a finding of proximate cause.

The findings of the jury upon which the trial court judgment was based were, in effect, that appellant Callihan Interests, Inc. failed to sufficiently stake down the flow line; that such failure was negligence and a proximate cause of Halepeska's death; that Halepeska was a business invitee on appellant's lease and an independent geologist. The Supreme Court found that there was some evidence to support these findings.

■ The cause was remanded to this court with instructions to pass upon points of error urged by appellant Callihan Interests, Inc., contending that the answers of the jury to such special issues are not supported by sufficient evidence and that such findings are against the great weight and preponderance of the evidence. The substance of the evidence supporting such findings is set out in the former opinion of this court and in more detail in the opinion of the Supreme Court, to which reference is here made. We have carefully considered all of the evidence and the argument of appellant that the answers to said issues are not supported by sufficient evidence and are against the great weight and preponderance of the evidence. We are of the opinion that appellant's points of error in this connection are not well taken.

The witness H. J. Gruy testified that the flow line was "not sufficiently staked down" and stated the manner in which it should have been "staked down" for safety, that is that there should have been at least three stakes per joint over the length of the flow line. Gruy's opinion testimony that the flow line was not properly staked was corroborated by the happening of the tragic accident. It is true that witnesses for appellant testified that the well was properly staked, and that the manner in which the well was "blown" would have resulted in the same regrettable accident even if the flow line had been staked down in the manner recommended by Gruy. In our opinion the evidence is sufficient to support the finding that appellant failed to sufficiently stake down the flow line, that such failure was negligence and a proximate cause of Halepeska's death and said findings are not against the great weight and preponderance of the evidence.

■ There can be no question but that the evidence fully supports the finding that Halepeska was an independent geologist. In our opinion there is sufficient evidence to support the finding that he was a business invitee at the time of the accident. Halepeska's presence at the well was as a geologist to participate in decisions concerning how the well could be completed as a producer. He was accompanied by Mr. Morris, whose official and authoritative position with Callihan Interests, Inc., is indicated in detail in the Supreme Court's opinion. Both Morris and Halepeska had stated to Fuller, appellant's Superintendent of Production, Howell, appellant's Field Superintendent directly under Fuller, and to appellant's employee, Bedford, that the well needed to be blowed hard. The evidence

considered as a whole is, in our opinion, sufficient to support the finding that Halepeska was a business invitee on the occasion in question and such finding is not against the great weight and preponderance of the evidence.

The judgment is affirmed.